# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 4:90cr31-3

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| MICHAEL VAN JONES. ) | |
| _____ ) | |

**THIS MATTER** is before the court on an oral motion for psychiatric examination made by the defendant's counsel in open court on September 12, 2005. At that time, the defendant had presented evidence through the witness, Stephen Lindsay, attorney at law of Asheville, North Carolina, that the defendant had attempted suicide and that Mr. Lindsay has reservations and questions about whether or not the defendant could assist his present counsel, Victoria Jayne, in regard to the issues that were being presented in this matter, pursuant to a petition alleging that the defendant had violated terms and conditions of his pretrial release. Upon the defendant making this oral motion, Assistant United States Attorney Tom Ascik, advised the undersigned that he had no objection to the court entering an order for a psychiatric examination of the defendant. Having considered the defendant's motion, and finding under 18, United States Code, Section 4241(a), that there is reasonable cause to believe that defendant may presently be suffering from a mental disease or defect that may render the defendant unable to understand the nature and consequences of the proceedings, the court enters the following Order.

# ORDER

**IT IS, THEREFORE, ORDERED** that:

(1)  **THE DEFENDANT** shall be examined by at least one qualified psychiatrist or psychologist pursuant to 18, United States Code, Section 4241(b) and Rule 12.2, Federal Rules of Criminal Procedure, to determine if the defendant, MICHAEL VAN JONES, is presently insane or otherwise so mentally incompetent as to be unable to understand the criminal proceedings against him or to properly assist in his defense.

(2)  **FOR PURPOSES OF EXAMINATION** pursuant to Section 4241(b), defendant is committed to the custody and care of the Attorney General for placement in a suitable facility, and the examination shall be for such a reasonable time, not to exceed forty-five (45) days, as is necessary to make evaluations as to whether MICHAEL VAN JONES is presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or to properly assist in his own defense.

For purposes of determining the forty-five (45) day period, the examination is deemed to commence on the day defendant is admitted to the mental health facility.

(3) **THE WARDEN OR THE CASE MANAGER** of the designated facility is instructed that requests for extension of the 45-day examination period must be in a writing mailed to the Clerk of this court, with copies sent to defendant's counsel, the United States Attorney, and the United States Marshal.

(4) **THE PSYCHIATRIST OR PSYCHOLOGIST**, as designated by the Attorney General to examine defendant, shall prepare a psychiatric or psychological report pursuant to the requirements of 18, United States Code, Section 4247(c).

(5) **THE PSYCHIATRIST OR PSYCHOLOGIST**, as designated by the Attorney General, shall forward the original report to this court, **a copy to the Clerk of this court**, a copy to counsel for MICHAEL VAN JONES, and a copy to the United States Attorney.

(6) **THE UNITED STATES MARSHAL,** shall transport defendant MICHAEL VAN JONES to the mental health institution, which shall be designated by the Attorney General, and return defendant MICHAEL VAN JONES immediately upon completion of the examination to the Western District of North Carolina where bond, if any, may resume. **The United States Marshal is permitted**

**a total of 10 days within which to transport MICHAEL VAN JONES to and from the mental health institution.** If bond has not been allowed, the defendant shall remain in the custody of the United States Marshal.

(7) **THE UNITED STATES MARSHAL** shall provide defendant with medications, if any, as prescribed by a licensed physician pending and during transportation to the mental health institution designated by the Attorney General.

(8) **COUNSEL FOR DEFENDANT** is instructed that in the event psychiatrists or psychologists employed by the government determine that defendant is competent to stand trial, counsel for defendant may promptly, thereafter, file a motion for appointment and examination by independent experts. Such a motion must be accompanied by an affidavit of counsel describing the "pronounced irrational behavior" of defendant such attorney has observed, Pate v. Robinson, 383 U.S. 375, 385-86 (1966), averring and documenting that defendant has not been able to "consult with his lawyer with a reasonable degree of rational understanding," and showing that it is counsel's belief that defendant does not have a "rational as well as factual understanding of the proceedings against him." Penry v. Lynaugh, 492 U.S. 302, 333 (1989). The

filing of such a motion will not be cause for continuance from a trial calendar and motions which are not filed in good faith may result in the imposition of sanctions.

(9) In the event mental health professionals at the designated federal facility determine that defendant is presently insane or not competent to stand trial, the **PSYCHIATRIST OR PSYCHOLOGIST** at the designated facility shall conduct such further tests as may be appropriate to determine whether defendant's release into the community would create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect. 18 U.S.C. Sect. 4243(e). The results of such testing and the conclusions drawn therefrom should be appended to and sent along with the psychological report.

**THE CLERK OF COURT** is directed to *certify* copies of this Order to counsel for defendant, the United States Attorney, the United States Marshal, and the designated mental health facility also in the care of the United States Marshal.

**Signed: September 13, 2005**

**Signed: September 13, 2005**

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge